```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                        :
ALEEM HAMMOND,                          :
                                        :
            Petitioner,                 :   Civ. No. 15-3335 (NLH)
                                        :
       v.                               :   OPINION
                                        :
WARDEN BAYSIDE STATE PRISON,            :
       et al.,                          :
                                        :
            Respondents.                :
_____ :

APPEARANCES:
Aleem Hammond, #385445C/532878
Bayside State Prison
P.O. BOX F-2
Leesburg, NJ 08327
      Petitioner, Pro se

HILLMAN, District Judge

    Petitioner Aleem Hammond, a prisoner confined at the Bayside State Prison in Leesburg, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction.

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis. See L. Civ. R. 81.2(b).

Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

Petitioner is reminded that, in accordance with Local Civil Rule 81.2(b), an in forma pauperis, must include (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently

on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

Additionally, the Court notes that the Petition is largely blank.  It is therefore unclear the precise conviction Petitioner means to challenge, the basis for said challenge, and the relief sought by Petitioner.  Finally, the signature page of the Petition is not properly dated.

In the event Petitioner chooses to further pursue this legal action by paying the filing fee or submitting a complete in forma pauperis application, he is instructed that more information is required for the Court to conduct a proper analysis of the Petition, itself.  Specifically, the petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or

legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. See Rule 2(c) of the Rules Governing Section 2254 Cases.

Petitioner can provide this information to the Court by submitting an Amended Petition filled out on the court-provided forms.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: June 8, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).